J-S53034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RANDY RAMOS | : | |
| | : | |
| Appellant | : | No. 1993 EDA 2018 |

Appeal from the PCRA Order Entered June 11, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003301-2011,
CP-51-CR-0003302-2011, CP-51-CR-0003319-2011,
CP-51-CR-0004898-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RANDY RAMOS | : | |
| | : | |
| Appellant | : | No. 844 EDA 2019 |

Appeal from the PCRA Order Entered June 11, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003301-2011,
CP-51-CR-0003302-2011, CP-51-CR-0003319-2011,
CP-51-CR-0004898-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RANDY RAMOS | : | |
| | : | |
| Appellant | : | No. 845 EDA 2019 |

Appeal from the PCRA Order Entered June 11, 2018

In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003301-2011,
CP-51-CR-0003302-2011, CP-51-CR-0003319-2011,
CP-51-CR-0004898-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDY RAMOS | : | |
| | : | |
| Appellant | : | No. 846 EDA 2019 |

Appeal from the PCRA Order Entered June 11, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003301-2011,
CP-51-CR-0003302-2011, CP-51-CR-0003319-2011,
CP-51-CR-0004898-2011

BEFORE: OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED OCTOBER 19, 2020**

Appellant Randy Ramos appeals from the dismissal of his first Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, petitions as untimely. Appellant challenges the legality of the sentence based on ***Alleyne v. United States***, 570 U.S. 99 (2013), and claims that his prior counsel abandoned him by failing to challenge the legality of his sentence. We affirm.

The procedural history of this appeal is as follows. In November 2010, Appellant was arrested and charged with numerous sexual and related offenses in four separate cases. On March 1, 2011, the Philadelphia Municipal Court appointed Benjamin Perez, Esq. (trial counsel) to represent Appellant in all four cases. Following a preliminary hearing, the municipal court judge held

all of the charges over for proceedings in the court of common pleas. On May 16, 2011, the Commonwealth filed informations in all four cases indicating its intent to pursue mandatory minimum sentences under numerous statutory provisions.

Appellant negotiated a plea agreement addressing all four cases. The agreement called for Appellant to plead no-contest to counts in all four cases and for the Commonwealth to recommend an aggregate term of ten to twenty years' incarceration followed by twenty years' reporting probation. The parties further agreed that the trial court would defer sentencing on one count of indecent assault and have the Sexual Offender Assessment Board (SOAB) assess Appellant. On June 19, 2012, the trial court accepted Appellant's pleas and pursuant to the plea agreement, sentenced Appellant to the recommended sentence, but continued sentencing on one count of indecent assault and ordered a SOAB assessment.

On March 10, 2013, following a hearing, the trial court determined that Appellant was a sexually violent predator and imposed a concurrent sentence of five years' probation for the remaining indecent assault count. Appellant did not appeal the judgments of sentence.[1]

_____

[1] In light of the deferral of sentencing on the indecent assault count and the sexually violent predator determination from June 19, 2012, to March 10, 2013, we will use March 10, 2013, as the date of the final sentencing orders. *See generally Commonwealth v. Schrader*, 141 A.3d 558, 561 (Pa. Super. 2016) (concluding "that where a defendant pleads guilty and waives a pre-sentence SVP determination, the judgment of sentence is not final until that

On July 5, 2016, Appellant filed separate *pro se* PCRA petitions in each of the four cases.[2] The PCRA court appointed counsel to represent Appellant (PCRA counsel). PCRA counsel filed amended petitions on November 28, 2017, asserting that the trial court imposed an illegal mandatory minimum sentence of ten to twenty years' imprisonment. **See** Am. PCRA Pets., 11/28/17, at 2. Additionally, Appellant claimed that trial counsel was ineffective for failing to consult with him about a direct appeal and for failing to recommend that he challenge his sentence as illegal. **See** Am. PCRA Pets., Mems. of Law at 5.

On May 14, 2018, the PCRA court issued Pa.R.Crim.P. 907 notices of intent to dismiss Appellant's petitions as untimely filed. Appellant did not respond. On June 11, 2018, the PCRA court entered the orders dismissing Appellant's petitions.[3]

---

determination is rendered"). We add that the United States Supreme Court decided **Alleyne** on June 17, 2013, approximately three months after the judgments of sentence became final.

[2] Appellant titled his *pro se* PCRA petitions as "*nunc pro tunc* pursuant to petitioners responce [sic] to 907 notice." **See** Appellant's *Pro Se* PCRA Pets., 7/5/16, at 1. The petitions bore copies of a postage stamp dated July 5, 2016, and the petitions were docketed in the PCRA court that same day. **Cf. Commonwealth v. Little**, 716 A.2d 1287, 1289 (Pa. Super. 1998) (discussing the prisoner mailbox rule with respect to PCRA petitions).

[3] Each of the PCRA court's orders listed a single trial court docket number for the respective cases in which the PCRA court dismissed Appellant's PCRA petitions. Those orders did not contain a statement of Appellant's appellate rights. The record in 3301-2011 contains a second order dated and docketed on June 12, 2018. That second order indicated that Appellant had thirty days

On July 7, 2018, Appellant filed a *pro se* notice of appeal listing all four trial court docket numbers. On July 10, 2018, PCRA counsel subsequently filed appeals in each of the four cases. PCRA counsel's notices of appeal were identical copies of each other. Each of the notices of appeal listed all four trial court docket numbers.

Appellant, through counsel, subsequently filed and served court-ordered Pa.R.A.P. 1925(b) statements asserting that Appellant's sentence was illegal under **Alleyne** and trial counsel was ineffective for failing to raise an **Alleyne** challenge. The trial court filed a responsive opinion stating that Appellant's PCRA petitions were untimely and did not qualify for any exception to the PCRA time bar. PCRA Ct. Op., 2/12/19, at 6.

On March 15, 2019, this Court issued a rule to show cause why Appellant's appeals should not be quashed in light of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). PCRA counsel filed a response indicating that he electronically filed "the notice of appeal with the form showing all four CP numbers." Resp. to Order, 3/20/19, at 2 (formatting altered). Counsel, however, averred that he "electronically filed under each CP number— separately." **Id.** This Court discharged the order to show cause and referred the matter to this merits panel.

---

"to file an appeal with the Superior Court." Order, 3301-2011, 6/12/18. The order did not list the remaining three cases at issue in this appeal.

During the pendency of this appeal, PCRA counsel passed away, and this Court ordered the appointment of substitute counsel. On August 14, 2020, substitute counsel entered his appearance in this Court.

Appellant presents the following question for review: "Did the PCRA [c]ourt err when it dismissed the Amended Petition without holding a hearing?" Appellant's Brief at 3.

Before addressing Appellant's arguments, we consider whether these appeals are properly before this Court. In *Walker*, our Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." *Walker*, 185 A.3d at 971. The Court explained that "[t]he Official Note to [Pa.R.A.P.] 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." *Id.* at 976-77. Further, the Court announced that in cases decided after June 1, 2018, "Rule 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." *Id.* at 977. "The failure to do so," the Court continued, "will result in quashal of the appeal." *Id.* (footnote omitted).

Following our review, we conclude that our decision in *Commonwealth v. Johnson*, ____ A.3d ____, 2020 PA Super 164, 2020 WL 3869723 (Pa. Super. filed July 9, 2020) (*en banc*) controls. In *Johnson*, the appellant took appeals from judgments of sentence entered in four separate dockets by filing similar notices of appeal in each case. *Id.* at *1. The *Johnson* Court concluded:

"Because [the appellant] appealed from four docket numbers and filed four notices of appeal, [the appellant] has complied with **Walker**. The fact that each notice of appeal listed all four docket numbers does not invalidate his notices of appeal, and we decline to quash his appeals." **Id.** at *5.

Instantly, as in **Johnson**, Appellant separately filed a notice of appeal in each case. **See id.** at *4-5. Although the notices of appeal appear similar and list all four trial court docket numbers, those defects do not require quashing these appeals. **See id.** Appellant's counsel unequivocally asserted that he separately filed a notice of appeal at each of the four trial court docket numbers using the electronic filing system, and the separate time stamps affixed by the clerk of the trial court confirm counsel's representation. **See id.** at *4-5; **see also** Resp. to Order, 3/20/19, at 2. Accordingly, we decline to quash these appeals, and we will address the substance of Appellant's arguments.[4]

Appellant asserts: "[H]e had been sentenced in contravention of [**Alleyne**. Appellant's] sentence was not challenged at [the] time of

_____

[4] Because we conclude that Appellant complied with the mandates of **Walker** and **Johnson**, we need not consider whether there was a breakdown based on the PCRA court's June 12, 2018 order at 3301-2011, which stated that Appellant was required to file "an appeal" with this Court. **See Commonwealth v. Larkin**, ___ A.3d ___, 2020 PA Super 163, 2020 WL 3869710 (Pa. Super. filed July 9, 2020) (*en banc*) (reaffirming this Court's prior decision in **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), in which this Court found a breakdown based on an order that listed multiple trial court dockets but indicated that the appellant need only file "an appeal")).

sentencing by [trial counsel], nor did counsel later advise [Appellant] to file legal paperwork challenging the mandatory minimum sentence. Counsel was ineffective." Appellant's Brief at 8. Appellant continues:

> Trial counsel abandoned [Appellant] and, hence [Appellant's] petition was not untimely. However, in that there was an overwhelming legal issue of importance on the table at the time of sentencing and immediately thereafter, and that [trial] counsel, apparently, did not consult with the [Appellant], nor recommend appealing the illegal sentence, the undersigned would argue that the [Appellant] was abandoned by prior counsel and, hence, the sentence should be lawfully under attack at this time. Thus, the undersigned respectfully requested that the PCRA court consider the [Appellant's] petition to have been timely filed and consider the claim on the merits.

*Id.* at 9.

The Commonwealth responds that Appellant's petitions were untimely and that Appellant did not state any grounds for a time-bar exception under a theory of attorney abandonment or *Alleyne*. *Id.* at 12-14. The Commonwealth further asserts that even if Appellant stated a time-bar exception, Appellant failed to establish any merit to his illegal sentencing claim. *Id.* at 14-16.

As noted above, the PCRA concluded that Appellant's petitions were untimely and did not state an exception to the PCRA time bar. PCRA Ct. Op. at 5-6. More specifically, the PCRA court reasoned:

> The Superior Court has explicitly stated that *Alleyne* does not apply retroactively to cases in which the judgment is final. *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014). "It is also . . . settled that *Alleyne* does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition." *Commonwealth v. Ruiz*, 131 A.3d 54, 58 (Pa.

- 8 -

Super. 2015) . . . . Similarly, claims of ineffectiveness of counsel do not satisfy any of the statutory exceptions to the time-bar. **See Commonwealth v. Yarris**, 731 A.2d 581, 587 (Pa. 1999) (noting that the exception relating to interference by government official specifically excludes defense counsel).

**Id.** at 6.

Our standard of review for the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014) (citation and quotation marks omitted).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional [pre-]requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." **Id.** (citation omitted). A judgment is final "'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" **Id.** (quoting 42 Pa.C.S. § 9545(b)(3)).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). The PCRA further required a petitioner to file a petition within sixty days of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2) (subsequently amended eff. Dec. 24, 2018).[5]

Here, there is no dispute that Appellant's PCRA petitions were facially untimely. The trial court sentenced Appellant on all charges by March 10, 2013. Because Appellant did not take a direct appeal, his convictions became final on April 9, 2013, when the thirty-day period for taking a direct appeal ended. **See** 42 Pa.C.S. § 9545(b)(3). Appellant commenced the present

---

[5] Section 9545(b)(2) was amended on October 24, 2018, effective December 24, 2018, and extended the time for filing from sixty days of the date the claim could have been first presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. **See** Act of Oct. 24, 2018, P.L. 894, No. 146, § 3. Because Appellant's claims arose before December 24, 2017, the former Section 9545(b)(2) applied to Appellant's claim.

PCRA proceeding by filing his *pro se* PCRA petitions on July 5, 2016, more than two years after the one-year deadline for filing a facially timely PCRA petition expired. **See Brown**, 111 A.3d at 175; **see also** 42 Pa.C.S. § 9545(b)(1). Therefore, we proceed to examine whether Appellant stated an exception to the PCRA time bar.

To the extent Appellant relies on **Alleyne** as an exception to the PCRA time bar, we note that the new constitutional right exception under Section 9545(b)(1)(iii) has two requirements: (1) "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section," and (2) "the right 'has been held' by 'that court' to apply retroactively." **Miller**, 102 A.3d at 994 (citation omitted and formatting altered). The **Miller** Court explained that "a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases." **Id.** at 995 (citations omitted).

Our Supreme Court has held that the right recognized in **Alleyne** "does not apply retroactively to cases pending on collateral review . . . ." **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). Therefore, **Alleyne** will not provide a basis for PCRA relief when **Alleyne** was decided after a petitioner's sentence became final. **See id.**

Instantly, as noted above, Appellant's judgments of sentence became final no later than April 9, 2013, more than two months before the United

- 11 -

States Supreme Court decided **Alleyne**. Because the Pennsylvania Supreme Court has held that **Alleyne** does not apply retroactively on collateral review, Appellant cannot invoke the new constitutional right exception.[6] **See** 42 Pa.C.S. § 9545(b)(1)(iii); **Washington**, 142 A.3d at 820; **Miller**, 102 A.3d at 994-95. Accordingly, we discern no error in the PCRA court's ruling that Appellant failed to establish a time-bar exception based on **Alleyne**. **See Mitchell**, 105 A.3d at 1265; **Lawson**, 90 A.3d at 4.

To the extent Appellant asserts that trial counsel abandoned him on direct appeal, we initially note the general rule that claims of ineffective assistance of counsel will not "save an otherwise untimely petition for review on the merits." **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) (citations omitted). However, our Supreme Court has recognized that counsel's abandonment of a client may constitute a previously unknown fact under Section 9545(b)(1)(ii). **See Commonwealth v. Bennett**, 930 A.2d 1264, 1274 (Pa. 2007); **see also Commonwealth v. Peterson**, 192 A.3d 1123, 1129 (Pa. 2018) (distinguishing abandonment from ineffectiveness claims on appeal based on complete versus partial deprivations of appellate review).

---

[6] We acknowledge that in **Commonwealth v. DiMatteo**, 177 A.3d 182, 191 (Pa. 2018), our Supreme Court also recognized **Washington** does not apply when "relief [was] sought in a timely PCRA petition and the judgment of sentence was not final when **Alleyne** was announced." **DiMatteo**, 177 A.3d at 191. However, as noted above, Appellant's judgment of sentence became final after **Alleyne** was announced.

To establish the timeliness exception in Section 9545(b)(1)(ii) based on a previously unknown fact, a petitioner must

> demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Here, even assuming Appellant has stated a claim of abandonment rather than ineffective assistance of counsel,[7] Appellant did not allege any facts suggesting that he exercised due diligence in discovering and raising a claim that trial counsel abandoned him for the purpose of a direct appeal. *See Bennett*, 930 A.2d at 1274; *Brown*, 111 A.3d at 176; *see also* 42 Pa.C.S. § 9545(b)(1)(ii). Therefore, Appellant's assertion of abandonment as an exception to the PCRA time bar under Section 9545(b)(1)(ii) must fail.

In sum, our review confirms that the record and law support the PCRA court's ruling that Appellant's PCRA petitions were untimely filed and that no

---

[7] To the extent Appellant asserts that trial counsel should have consulted with him regarding a possible *Alleyne* claim, it bears reiterating that the United States Supreme Court decided *Alleyne* after the time for appealing Appellant's judgments of sentences expired. Our Supreme Court has stated that "counsel cannot be deemed ineffective for failing to anticipate a change in the law." *Commonwealth v. Hughes*, 865 A.2d 761, 810 (Pa. 2004) (citation omitted). Therefore, Appellant's claim of ineffective assistance of counsel based on the failure to consult regarding a direct appeal based on *Alleyne* would also fail.

- 13 -

statutory exception applied. Therefore, we affirm. **See Mitchell**, 105 A.3d at 1265; **Lawson**, 90 A.3d at 4.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/20